**David Mark WINFIELD, Plaintiff,**

v.

**Sandra RENFRO and The Honorable Allen J. Daggett, Defendant.**

Civ. A. No. H–89–2545.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 29, 1989.

Tom Alexander, Alexander & Fogel, Houston, Tex., for plaintiff.

Pamela E. George, Jeffrey H. Uzick, Piro & Lilly, P.C., Houston, Tex., for defendant.

## ORDER

HITTNER, District Judge.

Pending before this Court is the Request for Temporary Restraining Order filed by Plaintiff, David Mark Winfield. The Court has considered said request, the submissions of the parties, the argument of counsel in open court on August 1, 1989, and the applicable law. This Court is of the opinion that Plaintiff's request must be denied.

Sandra Renfro ("Renfro"), a Defendant in this action, previously filed a cause in the 310th Judicial District Court of Harris County, Texas, against David Mark Winfield ("Winfield"). Renfro alleged claims of common-law marriage, putative marriage, paternity, divorce, and nonmarital torts. Winfield answered and acknowledged the paternity of his daughter, but denied any marriage to Renfro. Winfield also filed a cross-petition seeking a declaratory judgment that no marriage existed.

Judge Allen J. Daggett then set the case for trial on all issues. The case proceeded to trial on June 20, 1989, before a jury. At the close of the trial, Judge Daggett submitted the case to the jury upon a single question. Winfield objected to the question, asserting that the court improperly submitted the issue of common-law marriage.

On July 10, 1989, Judge Daggett signed an "Interlocutory Order of Common–Law Marriage." On July 14, Judge Daggett signed an order requiring Winfield to:

1. pay $210,000.00 for Renfro's interim attorney's fees;

2. pay $10,000.00 per month to Renfro as temporary alimony;

3. pay $21,129.00 to repair a condominium owned by Winfield and occupied by Renfro and the child;

4. pay $3,500.00 per month to support the child;

5. pay $3,000.00 for dental services for the child;

6. comply with an interim injunction; and

7. comply with "pre-trial" discovery.

Winfield asserts that the state district court is without jurisdiction to enter an interim order after trial and before final judgment. Winfield claims that this order is especially onerous because he has no procedural route to recover the fees in the event he prevails on appeal, to supersede their payment, or to appeal the order. Additionally, no supersedeas bond is available.

Winfield filed the pending action claiming a violation of 42 U.S.C. § 1983 because, "[a]s enforced, [certain] Family Code [provisions] arbitrarily withhold the right to a meaningful appeal to Winfield, and deprive him of a fair opportunity to adjudication on the merits." Winfield sought relief in the form of a temporary restraining order.

In a response submitted to the Court at the August 1 hearing, Renfro urged that this federal district court should refrain from deciding this case pursuant to the abstention doctrine. Renfro stated that Winfield had unsuccessfully filed a mandamus against the Honorable Allen J. Daggett in the Court of Appeals for the First Supreme Judicial District. In his petition for writ of prohibition, Winfield urged that the state district trial court was without jurisdiction to enter temporary orders subsequent to the "final judgment" in the state case. In the alternative, if the appellate court considered the order interlocutory, Winfield sought a writ of mandamus ordering the trial court to enter a final judgment. The Court of Appeals for the First District of Texas overruled Winfield's motion for leave to file a petition for a writ of prohibition and a petition for a writ of mandamus.

In the action before this Court, Winfield claims that (1) Judge Daggett's enforcement of certain provisions of the Texas Family Code arbitrarily withheld Winfield's right to a meaningful appeal pursuant to the Texas Constitution and (2) the lack of a bond provision deprived him of property without due process of law. These specific constitutional issues have never been raised in a Texas state court.

In *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), the United States Supreme Court held that a federal district court should abstain from deciding constitutional issues which had not been presented to the Texas courts. The Court's holding was governed by the principles of federalism enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The *Younger* Court explained that

the concept [of federalism] ... represent[s] ... a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id.* at 44, 91 S.Ct. at 750. When a litigant has made no effort to present his constitutional claims in state court, a federal court should respect the state court's ability to afford an adequate remedy. *Pennzoil Co.*, 481 U.S. at 15, 107 S.Ct. at 1528.

The Court is, however, concerned about the possible absence of an ultimate remedy for Winfield in the state family court proceeding. In Winfield's state case, the issue in controversy is whether the marriage actually existed. This issue is subject to appeal and possible reversal only after a final judgment is signed. The state court's interim order, however, requires Winfield to immediately pay a significant amount of attorneys' fees and temporary alimony without the benefit of security. Winfield's payment of these fees is therefore unprotected in the event he ultimately prevails on appeal. At that time any existing remedies may be ineffectual to secure the return of such interim payments. Notwith-

standing the Court's concern, this Court must abstain. Thus, the Court

ORDERS that Plaintiff's request for a temporary restraining order be, and is hereby, DENIED. Further, the Court

ORDERS that this case be, and is hereby, DISMISSED.